In the Matter of the Application and Petition of GEORGE J. GILLESPIE and Others, Constituting the Board of Water Supply of the City of New York, to Acquire Real Estate for and on Behalf of the City of New York under Title K of Chapter 41 of the Administrative Code of the City of New York in the County of Sullivan, for the Purpose of Providing an Additional Supply of Pure and Wholesome Water for the Use of New York City.

(Neversink Highway Section No. 1 — Sullivan County.)

TOWN OF NEVERSINK, SULLIVAN COUNTY, N. Y., Appellant; BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK, SULLIVAN COUNTY, NEW YORK, and NEW YORK STATE ELECTRIC AND GAS CORPORATION, Respondents.

Third Department, March 4, 1942.

*Lawrence H. Cooke,* for the appellant.

*William C. Chanler, Corporation Counsel [John E. Egan* and *Richard H. Burke* of counsel], for the Board of Water Supply of the City of New York, respondent.

*William G. Birmingham,* attorney for the County of Sullivan and attorney for New York State Electric and Gas Corporation, respondents.

BLISS, J.   Title K of chapter 41 of the Administrative Code of the City of New York contains a complete plan for the acquisition by the board of water supply of such city of real estate that is already being used for highway or other public purposes.  This board is charged with providing the city with an adequate water supply.   It may acquire by condemnation the real estate necessary for such purposes including real estate that is already being used for highways, provided the municipal corporations owning such highways shall

be allowed the perpetual use for highway purposes of the same or such other real estate to be acquired by the board as will afford a practical route or location for such highways and provided also that such corporations shall not " directly or indirectly be subject to expense, loss or damage " by reason of changing such route or location, but that such expense, loss or damage shall be borne by the city. The board must prepare maps showing the highways to be taken or affected and the lands which it proposes to substitute for such highways. It must then petition the Supreme Court to approve the same and the court may refer the matter back to the board for amendment with directions or suggestions as often as necessary before final approval. The board must also petition for the appointment of commissioners of appraisal appointed to determine the compensation to be made to the owners of the discontinued highways. These commissioners must include in this compensation such sum as shall be sufficient to defray the expense of making such changes of route and location and of building such substituted highways. The commissioners must also determine what reasonable time after the payment of the awards shall be sufficient within which to complete the work of making such change and the board may not take possession of the discontinued or affected highways before the expiration of such time.

Title K further provides that the city must construct such highways and bridges as may be made necessary by the construction of any reservoir and it must repair and forever maintain such additional highways and bridges, except such as shall be a part of any State route. The plans and specifications for any highways required to be constructed must be approved by the State Department of Public Works. The board, subject to the approval of the board of estimate of the city, may agree with the owners of the real estate taken or affected as to the amount of compensation to be paid to such owners. In case the town is such owner the supervisors and commissioners of highways of the town may make such agreement for the town.

Acting in accordance with the authority thus conferred by title K, the board of water supply of the city of New York filed a map showing certain highways of the town of Neversink, Sullivan county, which it proposed should be discontinued and others which should be substituted therefor and it gave notice of an application to the Supreme Court for the appointment of commissioners of appraisal. On the return day the town failed to appear or make formal objection to the map or petition. Nevertheless, before the Special Term approved the map and granted the application a series of conferences was held in which the supervisor of the town

participated. He called attention to the fact that the proposed discontinuance of a town highway known as the Hollow road in the town of Neversink would render necessary the improvement of an unnamed cross road in the same town to care for the traffic now passing over the Hollow road. The county superintendent of highways estimated it would cost $3,500 to surface the cross road. The superintendent of highways of the town did not participate. Counsel for the city and the county of Sullivan, which had appeared in the proceeding, agreed as to the terms of the order to be entered with relation to this cross road and the order of the Special Term was made in accordance with such agreement. It provided that the city should either cause this cross road to be graded and resurfaced and rendered suitable for travel and the necessary bridges should be erected thereon, or in the alternative and at its election might require the town to do so, in which event the city should pay the town of Neversink the actual cost to the town for such regrading, resurfacing and replacing of bridges not exceeding $3,500, and that there should be no obligation to the city to maintain or repair this town highway and the bridges after the completion of the work and that the town should carry on such maintenance. This order was not served upon the town. Shortly after its contents became known to the supervisor and the town board, application was made by the town to the Special Term to vacate the order. The town also filed a claim with the commissioners of appraisal who had been appointed by the order for such damages and expenses as it might be put to by reason of the discontinuance of town highways. Upon the motion to vacate the town showed that it would actually cost approximately $12,000 to regrade and resurface the cross road and replace the bridges and that no valid agreement had been made by any proper town authority as to the acceptance of $3,500 for doing this work. The application to vacate was denied and the town appeals.

It is apparent that there never was any legal agreement made by proper town officers with the city for the improvement of the cross road and bridges made necessary by the discontinuance of the Hollow road. Nor was there any proper appearance in behalf of the town on the city's application for the appointment of commissioners and the approval of the map. Under the statute the town must be awarded all damages, cost and expense which it may be put to by reason of the discontinuance of the Hollow road. This includes all actual and necessary expenses in connection with the improvement of the cross road. Plans for the improvements which the Special Term ordered be made to the cross road and bridges must, under both the statute and the order as granted, be approved by the State Department of Public Works. The city

must carry out such improvement or if it elects to have the town do the work it must pay the full cost thereof. Likewise the city under the statute must thereafter maintain such substituted highway and the bridges thereon. The order attempts to relieve the city of some of these burdens imposed upon it by statute. It limits the recovery by the town for improvement of the cross road to $3,500 and it relieves the city of the duty of thereafter maintaining this substituted highway and the two bridges thereon. In these respects then the order is not in accordance with the statute and there was no power in the Special Term to so direct. By its failure to appear the town did not waive its rights under the statute and there was no valid consent by the town to a waiver of such rights. The town had a right to assume that on its claim before the commissioners of appraisal it could recover all the expense which it would be put to by reason of the discontinuance of the Hollow road, which would include the cost of regrading and resurfacing of the cross road and reconstructing the two bridges thereon. The town could also properly expect that the order would follow the statute with respect to maintenance of any substituted highway and bridges.

As the situation now stands the plans for the improvement of the cross road will have to be first approved by the State Department of Public Works and then the city may carry out the improvement or elect that it be done by the town. To that extent the town does not object to the order, and so it should not be disturbed. However, the motion of the town to vacate the order should be granted to the extent of striking therefrom the limit of $3,500 placed on the amount to be paid by the city to the town if the town actually does the work of improving the cross road, and further by striking therefrom the provision that the cross road and the bridges thereon, when thus improved, are to be maintained by the town of Neversink, and that the city shall have no obligation to repair this cross road and bridges. The order denying the motion to vacate, as thus modified, should be affirmed, without costs.

HILL, P. J., HEFFERNAN and FOSTER, JJ., concur; SCHENCK, J., dissents.

Order appealed from modified by striking therefrom the limit of $3,500 placed on the amount to be paid by the city to the town if the town actually does the work of improving the cross road, and further by striking therefrom the provision that the cross road and the bridges thereon, when thus improved, shall be maintained by the town of Neversink, and that the city of New York shall have no obligation to repair this cross road and bridges, and, as thus modified, affirmed, without costs.